**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL LAFAVE, and CETTE AI CORPORATION<br>Plaintiffs,<br>v.<br><br>VOYA FINANCIAL, INC., VOYA INVESTMENT MANAGEMENT CO. LLC, and DOES 1-12, inclusive,<br>Defendants. | Case No.: 26-cv-5375<br><br>**Answer to Complaint and Affirmative Defenses** |

Defendants Voya Financial, Inc., ("VFI") and Voya Investment Management Co. LLC ("VIMC") (collectively "Voya Defendants"), by and through their attorneys White and Williams LLP, hereby answers Plaintiffs' Complaint as follows:

## INTRODUCTION

1. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 1 of the Complaint. To the extent a response is required, the allegation is denied.

2. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 2 of the Complaint. To the extent a response is required, the allegation is denied.

3. Voya Defendants deny the allegation set forth in Paragraph 3 of the Complaint.

4. Voya Defendants deny the allegation set forth in Paragraph 4 of the Complaint.

5. Voya Defendants deny the allegation set forth in Paragraph 5 of the Complaint.

6. Voya Defendants deny the allegation set forth in Paragraph 6 of the Complaint.

7. Voya Defendants deny that Plaintiff Lafave submitted any document or material to them in connection with any insurance claim. Defendants deny knowledge or information sufficient to form a belief as to the remainder of the allegation set forth in Paragraph 7 of the Complaint.

8. Voya Defendants deny that Plaintiff Lafave provided them with his location at anytime relevant to the Complaint. Voya Defendants deny knowledge or information sufficient to form a belief as to the remainder of the allegation set forth in Paragraph 8 of the Complaint.

9. Voya Defendants deny the allegation set forth in Paragraph 9 of the Complaint.

10. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 10 of the Complaint. To the extent a response is required, the allegation is denied.

**JURISDICTION AND VENUE**

11. Voya Defendants admit that Plaintiffs commenced this action in the Supreme Court of the State of New York, County of New York. Defendants state that this action has since been removed to the United States District Court for the Southern District of New York and this Court has subject-matter jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over any properly pleaded state-law claims pursuant to 28 U.S.C. § 1367. To the extent Paragraph 11 alleges otherwise or requires a further response, Voya Defendants deny the allegations.

12. Defendant VFI admits only that it is authorized to conduct business in New York. Voya Defendants otherwise deny the allegations in Paragraph 12 to the extent they suggest that VFI's business activities have any connection to Plaintiffs or the conduct alleged in the Complaint.

13. Defendant VIMC admits only that it is authorized to conduct business in New York. Voya Defendants otherwise deny the allegations in Paragraph 13 to the extent they suggest that VIMC's business activities have any connection to Plaintiffs or the conduct alleged in the Complaint.

14. Voya Defendants deny the allegation set forth in Paragraph 14 of the Complaint. Neither Defendant administered, evaluated, or decided Plaintiff Lafave's long-term disability claim. The group disability policy pursuant to which Plaintiff Lafave sought and received benefits was issued by a separate corporate entity that is not a defendant in this action. Additionally, Plaintiff Lafave's disability claim was administered by a separate corporate entity that is not a defendant in this action. Voya Defendants specifically deny that the claims asserted in this action arise from or are substantially related to any corporate operations performed by either named Defendant in New York.

15. Voya Defendants admit that Plaintiffs commenced this action in New York County and that, following removal, venue lies in this District pursuant to 28 U.S.C. § 1441(a). Voya Defendants deny any remaining allegation in Paragraph 15 to the extent they purport to establish a connection between the substantive allegations of the Complaint and any conduct by either Defendant in New York.

## PARTIES

16. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 16 of the Complaint. To the extent a response is required, the allegation is denied.

17. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 17 of the Complaint. To the extent a response is required, the allegation is denied.

18. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 18 of the Complaint. To the extent a response is required, the allegation is denied.

19. Voya Defendants admit the allegation set forth in Paragraph 19 of the Complaint.

20. Voya Defendants admit the allegation set forth in Paragraph 20 of the Complaint.

21. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 21 of the Complaint concerning unidentified Does 1 through 12 and therefore, deny the allegation.

## BACKGROUND

### Plaintiffs' Proprietary AI and Quantum Computing Technology

22. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 22 of the Complaint. To the extent a response is required, the allegation is denied.

23. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 23 of the Complaint. To the extent a response is required, the allegation is denied.

24. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 24 of the Complaint. To the extent a response is required, the allegation is denied.

25. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 25 of the Complaint. To the extent a response is required, the allegation is denied.

26. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 26 of the Complaint. To the extent a response is required, the allegation is denied.

27. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 27 of the Complaint. To the extent a response is required, the allegation is denied.

28. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 28 of the Complaint. To the extent a response is required, the allegation is denied.

29. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 29 of the Complaint. To the extent a response is required, the allegation is denied.

30. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 30 of the Complaint. To the extent a response is required, the allegation is denied.

**Plaintiff Lafave Provides Information to Defendants**

31. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 31 of the Complaint. To the extent a response is required, the allegation is denied.

32. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 32 of the Complaint. To the extent a response is required, the allegation is denied.

33. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 33 of the Complaint. To the extent a response is required, the allegation is denied.

34. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 34 of the Complaint. To the extent a response is required, the allegation is denied.

35. Voya Defendants deny the allegation set forth in Paragraph 35 of the Complaint.

36. Voya Defendants deny the allegation set forth in Paragraph 36 of the Complaint.

37. Voya Defendants deny the allegation set forth in Paragraph 37 of the Complaint.

38. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 38 of the Complaint. To the extent a response is required, the allegation is denied. Voya Defendants separately deny that Plaintiff Lafave notified them of his mailing address in Ontario.

**Plaintiff Lafave Discloses His Location and Technologies to Defendants**

39. Voya Defendants deny the allegation set forth in Paragraph 39 of the Complaint. By way of further response, Voya Defendants specifically deny that Plaintiff Lafave communicated with either VFI or VIMC concerning his long-term disability claim, and neither Defendant received the information or materials alleged in Paragraph 39 from Plaintiff Lafave in connection with his long-term disability claim.

40. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 40 of the Complaint. To the extent a response is required, the allegation is denied.

41. Voya Defendants deny the allegation set forth in Paragraph 41 of the Complaint. By way of further response, neither Defendant received information from Plaintiff Lafave in connection with this long-term disability claim or used any such information, communications, attachments, or metadata for any of the purposes alleged.

42. Voya Defendants deny the allegations set forth in Paragraph 42 of the Complaint. By way of further response, neither Defendant received Plaintiff Lafave's cottage address, disability information, travel or treatment information, valuation materials, or other information from Plaintiff in connection with his long-term disability claim.

**Network Intrusion Events**

43. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 43 of the Complaint. To the extent a response is required, the allegation is denied.

44. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 44 of the Complaint. To the extent a response is required, the allegation is denied.

45. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 45 of the Complaint. To the extent a response is required, the allegation is denied.

46. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 46 of the Complaint. To the extent a response is required, the allegation is denied.

47. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 47 of the Complaint. To the extent a response is required, the allegation is denied.

48. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 48 of the Complaint. To the extent a response is required, the allegation is denied.

49. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 49 of the Complaint. To the extent a response is required, the allegation is denied.

50. Voya Defendants deny the allegation set forth in Paragraph 50 of the Complaint.

51. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 51 of the Complaint. To the extent a response is required, the allegation is denied.

52. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 52 of the Complaint. To the extent a response is required, the allegation is denied.

53. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 53 of the Complaint. To the extent a response is required, the allegation is denied.

54. Voya Defendants deny knowledge or information sufficient to form a belief as to the records allegedly discovered by Plaintiff Lafave as set forth in Paragraph 54 of the Complaint and therefore deny same. Voya Defendants further deny that they engaged in, directed, or caused any unauthorized remote access or coordinated intrusion activity as alleged in the Complaint.

55. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 55 of the Complaint. To the extent a response is required, the allegation is denied.

**Unauthorized GitHub Repository Exfiltration**

56. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 56 of the Complaint. To the extent a response is required, the allegation is denied.

57. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 57 of the Complaint. To the extent a response is required, the allegation is denied.

58. Voya Defendants deny the allegation set forth in Paragraph 58 of the Complaint.

59. Voya Defendants deny the allegation set forth in Paragraph 59 of the Complaint.

60. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 60 of the Complaint. To the extent a response is required, the allegation is denied.

61. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 61 of the Complaint. To the extent a response is required, the allegation is denied.

62. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 62 of the Complaint. To the extent a response is required, the allegation is denied.

63. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 63 of the Complaint. To the extent a response is required, the allegation is denied.

64. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 64 of the Complaint. To the extent a response is required, the allegation is denied.

**Physical Surveillance**

65. Voya Defendants deny the allegations set forth in Paragraph 65 of the Complaint.

66. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 66 of the Complaint. To the extent a response is required, the allegation is denied.

67. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 67 of the Complaint. To the extent a response is required, the allegation is denied.

68. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 68 of the Complaint. To the extent a response is required, the allegation is denied.

**Confidentiality, Value, and Commercial Significance of Plaintiffs' Systems**

69. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 69 of the Complaint. To the extent a response is required, the allegation is denied.

70. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 70 of the Complaint. To the extent a response is required, the allegation is denied.

71. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 71 of the Complaint. To the extent a response is required, the allegation is denied.

72. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 72 of the Complaint. To the extent a response is required, the allegation is denied.

73. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 73 regarding alleged value of commercial potential of Plaintiffs' technologies and therefore deny that allegation. Voya Defendants further deny that they received an economist report from Plaintiff Lafave in connection with his long-term disability claim, or through any other process.

**Defendants' Knowledge, Motive, and Opportunity**

74. Voya Defendants deny the allegation set forth in Paragraph 74 of the Complaint. Voya Defendants were not involved in the administration of Plaintiff Lafave's long-term disability claim in any way, and neither Defendant received information from Plaintiff Lafave in connection with that claim, including information concerning his location, devices, or travel.

75. Voya Defendants deny the allegation set forth in Paragraph 75 of the Complaint. Voya Defendants were not involved in the administration of Plaintiff Lafave's long-term disability claim in any way. By way of further response, neither Defendant received the Economist's Report from Plaintiff Lafave in connection with his long-term disability claim, or otherwise acquired knowledge of Plaintiff Lafave's alleged technology or business opportunities through the disability claim process.

76. Voya Defendants deny the allegation contained in Paragraph 76 of the Complaint. Voya Defendants further deny that either Defendant had any knowledge of Plaintiffs' alleged technology through Plaintiff's disability claim, or any strategic or financial reason to obtain or use Plaintiff Lafave's alleged technology.

77. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 77 of the Complaint. To the extent a response is required, the allegation is denied.

**Forensic Indicators, Third-Party Evidence, and Attribution**

78. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 78 of the Complaint. To the extent a response is required, the allegation is denied.

79. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 79 of the Complaint. To the extent a response is required, the allegation is denied.

80. Voya Defendants deny the allegation contained in Paragraph 80 of the Complaint.

**Cease and Desist & Preservation Notices to Defendants**

81. VFI admits only that Plaintiff Lafave's counsel sent correspondence to VFI concerning the allegations described in the Complaint. The correspondence is a written document that speaks for itself. Voya Defendants deny any remaining allegation set forth in Paragraph 81 of the Complaint.

82. VFI admits only that the correspondence referenced in Paragraph 81 contained preservation demands. By way of further response, the correspondence is a written document that speaks for itself. Voya Defendants deny any remaining allegation set forth in Paragraph 82 of the Complaint.

83. Voya Defendants deny the allegation set forth in Paragraph 83 of the Complaint. Upon information and belief, the entity administrating and evaluating Plaintiff Lafave's disability claim provided a response to Plaintiffs' counsel's preservation letter.

**Consequences of the Intrusion**

84. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 84 of the Complaint. To the extent a response is required, the allegation is denied.

85. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 85 of the Complaint. To the extent a response is required, the allegation is denied.

86. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 86 of the Complaint. To the extent a response is required, the allegation is denied.

87. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 87 of the Complaint. To the extent a response is required, the allegation is denied.

88. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 88 of the Complaint. To the extent a response is required, the allegation is denied.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(2)(C) Unauthorized Access to Protected Computers and Obtaining Information

89. Voya Defendants repeat and reallege their responses to Paragraphs 1-88 above as if set forth at length herein.

90. To the extent Paragraph 90 constitutes a conclusion of law, no response is required. To the extent a response is required, Voya Defendants refer Plaintiffs to the referenced statute for an accurate reading of its content, denying any allegations inconsistent therewith. By way of further response, Voya Defendants deny violating any referenced statute.

91. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 91 of the Complaint. To the extent a response is required, the allegation is denied.

92. Voya Defendants deny the allegation set forth in Paragraph 92 of the Complaint.

93. Voya Defendants deny the allegation set forth in Paragraph 93 of the Complaint.

94. Voya Defendants deny the allegation set forth in Paragraph 94 of the Complaint.

95. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 95 of the Complaint. To the extent a response is required, the allegation is denied.

96. Voya Defendants deny the allegation set forth in Paragraph 96 of the Complaint.

97. To the extent Paragraph 97 constitutes a conclusion of law, no response is required. To the extent a response is required, Voya Defendants refer Plaintiffs to the referenced statute for an accurate reading of its content, deny any allegations inconsistent therewith. By way of further response, Voya Defendants deny violating any referenced statute.

98. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 98 of the Complaint. To the extent a response is required, the allegation is denied.

99. To the extent Paragraph 99 constitutes a conclusion of law, no response is required. To the extent a response is required, Voya Defendants refer Plaintiffs to the referenced statute for an accurate reading of its content, denying any allegations inconsistent therewith. By way of further response, Voya Defendants deny violating any referenced statute, deny that Plaintiffs suffered any legally cognizable damage or loss caused by the Voya Defendants, and further deny that Plaintiffs are entitled to any relief from the Voya Defendants.

## SECOND CAUSE OF ACTION

### Violation of the Computer Fraud and Abuse Act, 18 U.S.C. 1030(a)(5)(A)
### Knowing Transmission of Programs, Information, Code, or Commands Causing Damage Without Authorization

100. Voya Defendants repeat and reallege their responses to Paragraphs 1-99 above as if set forth at length herein.

101. To the extent Paragraph 101 constitutes a conclusion of law, no response is required. To the extent a response is required, Voya Defendants refer Plaintiffs to the referenced statute for an accurate reading of its content, denying any allegations inconsistent therewith.

102. To the extent Paragraph 102 constitutes a conclusion of law, no response is required. To the extent a response is required, Voya Defendants deny the allegation set forth in Paragraph 102 of the Complaint.

103. To the extent Paragraph 103 constitutes a conclusion of law, no response is required. To the extent a response is required, Voya Defendants deny the allegation set forth in Paragraph 103 of the Complaint.

104. To the extent Paragraph 104 constitutes a conclusion of law, no response is required. To the extent a response is required, Voya Defendants deny the allegation set forth in Paragraph 104 of the Complaint.

105. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 105 of the Complaint. To the extent a response is required, the allegation is denied.

106. Voya Defendants deny the allegation set forth in Paragraph 106 of the Complaint.

107. To the extent Paragraph 107 constitutes a conclusion of law, no response is required. To the extent a response is required, Voya Defendants deny the allegation set forth in Paragraph 107 of the Complaint.

108. To the extent Paragraph 108 constitutes a conclusion of law, no response is required. To the extent a response is required, Voya Defendants refer Plaintiffs to the referenced statute for an accurate reading of its content, denying any allegation inconsistent therewith. By way of further response, Voya Defendants deny violating any referenced statute, deny that

Plaintiffs suffered any legally cognizable damage or loss caused by the Voya Defendants, and further deny that Plaintiffs are entitled to any relief from the Voya Defendants.

109. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 109 of the Complaint. To the extent a response is required, the allegation is denied.

110. To the extent Paragraph 110 constitutes a conclusion of law, no response is required. To the extent a response is required, Voya Defendants refer Plaintiffs to the referenced statute for an accurate reading of its content, denying any allegations inconsistent therewith. By way of further response, Voya Defendants deny violating any referenced statute, deny that Plaintiffs suffered any legally cognizable damage or loss caused by the Voya Defendants, and further deny that Plaintiffs are entitled to any relief from the Voya Defendants.

**THIRD CAUSE OF ACTION**

**Violation of the Computer Fraud and Abuse Act, 18 U.S.C. 1030(a)(5)(B)**
**Intentional Unauthorized Access Recklessly Causing Damage**

111. Voya Defendants repeat and reallege their responses to Paragraphs 1-110 above as if set forth at length herein.

112. To the extent Paragraph 112 constitutes a conclusion of law, no response is required. To the extent a response is required, Voya Defendants refer Plaintiffs to the referenced statute for an accurate reading of its content, denying any allegation inconsistent therewith.

113. To the extent Paragraph 113 constitutes a conclusion of law, no response is required. To the extent a response is required, Voya Defendants deny the allegation set forth in Paragraph 113 of the Complaint.

114. To the extent Paragraph 114 constitutes a conclusion of law, no response is required. To the extent a response is required, Voya Defendants deny the allegation set forth in Paragraph 114 of the Complaint.

115. To the extent Paragraph 115 constitutes a conclusion of law, no response is required. To the extent a response is required, Voya Defendants deny the allegation set forth in Paragraph 115 of the Complaint.

116. To the extent Paragraph 116 constitutes a conclusion of law, no response is required. To the extent a response is required, Voya Defendants deny the allegation set forth in Paragraph 116 of the Complaint.

117. To the extent Paragraph 117 constitutes a conclusion of law, no response is required. To the extent a response is required, Voya Defendants deny the allegation set forth in Paragraph 117 of the Complaint.

118. To the extent Paragraph 118 constitutes a conclusion of law, no response is required. To the extent a response is required, Voya Defendants deny the allegation set forth in Paragraph 118 of the Complaint.

119. To the extent Paragraph 119 constitutes a conclusion of law, no response is required. To the extent a response is required, Voya Defendants refer Plaintiffs to the referenced statute for an accurate reading of its content, denying any allegation inconsistent therewith. By way of further response, Voya Defendants deny violating any referenced statute, deny that Plaintiffs suffered any legally cognizable damage or loss caused by the Voya Defendants, and further deny that Plaintiffs are entitled to any relief from the Voya Defendants.

120. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 120 of the Complaint. To the extent a response is required, the allegation is denied.

121. To the extent Paragraph 121 constitutes a conclusion of law, no response is required. To the extent a response is required, Voya Defendants refer Plaintiffs to the referenced statute for an accurate reading of its content, denying any allegation inconsistent therewith. By way of further response, Voya Defendants deny violating any referenced statute, deny that Plaintiffs suffered any legally cognizable damage or loss caused by the Voya Defendants, and further deny that Plaintiffs are entitled to any relief from the Voya Defendants.

**FOURTH CAUSE OF ACTION**

**Violation of the Computer Fraud and Abuse Act, 18 U.S.C. 1030(a)(5)(C)**
**Intentional Unauthorized Access Causing Damage and Loss**

122. Voya Defendants repeat and reallege their responses to Paragraphs 1-121 above as if set forth at length herein.

123. To the extent Paragraph 123 constitutes a conclusion of law, no response is required. To the extent a response is required, Voya Defendants refer Plaintiffs to the referenced statute for an accurate reading of its content, denying any allegation inconsistent therewith.

124. To the extent Paragraph 124 constitutes a conclusion of law, no response is required. To the extent a response is required, Voya Defendants deny the allegation set forth in Paragraph 124 of the Complaint.

125. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 125 of the Complaint. To the extent a response is required, the allegation is denied.

126. To the extent Paragraph 126 constitutes a conclusion of law, no response is required. To the extent a response is required, Voya Defendants refer Plaintiffs to the referenced statute for an accurate reading of its content, denying any allegation inconsistent therewith. By way of further response, Voya Defendants deny violating any referenced statute, deny that Plaintiffs suffered any legally cognizable damage or loss caused by the Voya Defendants, and further deny that Plaintiffs are entitled to any relief from the Voya Defendants.

127. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 127 of the Complaint. To the extent a response is required, the allegation is denied.

128. To the extent Paragraph 127 constitutes a conclusion of law, no response is required. To the extent a response is required, Voya Defendants refer Plaintiffs to the referenced statute for an accurate reading of its content, denying any allegation inconsistent therewith. By way of further response, Voya Defendants deny violating any referenced statute, deny that Plaintiffs suffered any legally cognizable damage or loss caused by the Voya Defendants, and further deny that Plaintiffs are entitled to any relief from the Voya Defendants.

129. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 129 of the Complaint. To the extent a response is required, the allegation is denied.

130. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 130 of the Complaint. To the extent a response is required, the allegation is denied.

131. To the extent Paragraph 131 constitutes a conclusion of law, no response is required. To the extent a response is required, Voya Defendants refer Plaintiffs to the referenced

statute for an accurate reading of its content, denying any allegation inconsistent therewith. By way of further response, Voya Defendants deny violating any referenced statute, deny that Plaintiffs suffered any legally cognizable damage or loss caused by the Voya Defendants, and further deny that Plaintiffs are entitled to any relief from the Voya Defendants.

**FIFTH CAUSE OF ACTION**

**Misappropriation of Trade Secrets (Defend Trade Secrets Act, 18 U.S.C. 1836)**

132. Voya Defendants repeat and reallege their responses to Paragraphs 1-131 above as if set forth at length herein.

133. To the extent Paragraph 133 constitutes a conclusion of law, no response is required. To the extent a response is required, Voya Defendants refer Plaintiffs to the referenced statute for an accurate reading of its content, deny any allegation inconsistent therewith.

134. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 134 of the Complaint. To the extent a response is required, the allegation is denied.

135. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 135 of the Complaint. To the extent a response is required, the allegation is denied.

136. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 136 of the Complaint. To the extent a response is required, the allegation is denied.

137. Voya Defendants deny the allegation set forth in Paragraph 137 of the Complaint.

138. Voya Defendants deny the allegation set forth in Paragraph 138 of the Complaint.

139. To the extent Paragraph 139 constitutes a conclusion of law, no response is required. To the extent a response is required, Voya Defendants refer Plaintiffs to the referenced statute for an accurate reading of its content, denying any allegation inconsistent therewith. By way of further response, Voya Defendants deny violating any referenced statute, deny that Plaintiffs suffered any legally cognizable damage or loss caused by the Voya Defendants, and further deny that Plaintiffs are entitled to any relief from the Voya Defendants.

140. To the extent Paragraph 140 constitutes a conclusion of law, no response is required. To the extent a response is required, Voya Defendants refer Plaintiffs to the referenced statute for an accurate reading of its content, denying any allegation inconsistent therewith. By way of further response, Voya Defendants deny violating any referenced statute, deny that Plaintiffs suffered any legally cognizable damage or loss caused by the Voya Defendants, and further deny that Plaintiffs are entitled to any relief from the Voya Defendants.

141. To the extent Paragraph 141 constitutes a conclusion of law, no response is required. To the extent a response is required, Voya Defendants refer Plaintiffs to the referenced statute for an accurate reading of its content, denying any allegation inconsistent therewith. By way of further response, Voya Defendants deny violating any referenced statute, deny that Plaintiffs suffered any legally cognizable damage or loss caused by the Voya Defendants, and further deny that Plaintiffs are entitled to any relief from the Voya Defendants.

**SIXTH CAUSE OF ACTION**

**Misappropriation of Trade Secrets (New York Common Law)**

142. Voya Defendants repeat and reallege their responses to Paragraphs 1-141 above as if set forth at length herein.

143. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 143 of the Complaint. To the extent a response is required, the allegation is denied.

144. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 144 of the Complaint. To the extent a response is required, the allegation is denied.

145. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 145 of the Complaint. To the extent a response is required, the allegation is denied.

146. Voya Defendants deny the allegation set forth in Paragraph 146 of the Complaint.

147. Voya Defendants deny the allegation set forth in Paragraph 147 of the Complaint.

148. To the extent Paragraph 148 constitutes a conclusion of law, no response is required. To the extent a response is required, Voya Defendants refer Plaintiffs to the referenced statute or common law for an accurate reading of their content, denying any allegation inconsistent therewith. By way of further response, Voya Defendants deny violating any referenced statute or common law, deny that Plaintiffs suffered any legally cognizable damage or loss caused by the Defendants, and further deny that Plaintiffs are entitled to any relief from the Voya Defendants.

149. To the extent Paragraph 149 constitutes a conclusion of law, no response is required. To the extent a response is required, Voya Defendants deny the allegation. By way of further response, Voya Defendants deny that Plaintiffs suffered any legally cognizable damage or loss caused by the Voya Defendants and further deny that Plaintiffs are entitled to any relief from the Voya Defendants.

150. To the extent Paragraph 150 constitutes a conclusion of law, no response is required. To the extent a response is required, Voya Defendants deny the allegation. By way of further response, Voya Defendants deny that Plaintiffs suffered any legally cognizable damage or loss caused by the Voya Defendants and further deny that Plaintiffs are entitled to any relief from the Voya Defendants.

**SEVENTH CAUSE OF ACTION**

**Trespass to Chattels (New York Common Law)**

151. Voya Defendants repeat and reallege their response to Paragraphs 1-151 above as if set forth at length herein.

152. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 152 of the Complaint. To the extent a response is required, the allegation is denied.

153. Voya Defendants deny the allegation set forth in Paragraph 153 of the Complaint.

154. Voya Defendants deny the allegation set forth in Paragraph 154 of the Complaint.

155. Voya Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 155 of the Complaint. To the extent a response is required, the allegation is denied.

156. To the extent Paragraph 156 constitutes a conclusion of law, no response is required. To the extent a response is required, Voya Defendants deny the allegation. By way of further response, Voya Defendants deny that Plaintiffs suffered any legally cognizable damage or loss caused by the Voya Defendants and further deny that Plaintiffs are entitled to any relief from the Voya Defendants.

## EIGHTH CAUSE OF ACTION

### Unfair Competition (New York Common Law)

157. Voya Defendants repeat and reallege their response to Paragraphs 1-157 above as if set forth at length herein.

158. To the extent Paragraph 158 constitutes a conclusion of law, no response is required. To the extent a response is required, Voya Defendants deny the allegation. By way of further response, Voya Defendants deny that Plaintiffs suffered any legally cognizable damage or loss caused by the Voya Defendants and further deny that Plaintiffs are entitled to any relief from the Voya Defendants.

159. To the extent Paragraph 159 constitutes a conclusion of law, no response is required. To the extent a response is required, Voya Defendants deny the allegation. By way of further response, Voya Defendants deny that Plaintiffs suffered any legally cognizable damage or loss caused by the Voya Defendants and further deny that Plaintiffs are entitled to any relief from the Voya Defendants.

160. To the extent Paragraph 160 constitutes a conclusion of law, no response is required. To the extent a response is required, the allegation is denied. By way of further response, Voya Defendants deny that Plaintiffs suffered any legally cognizable damage or loss caused by the Voya Defendants and further deny that Plaintiffs are entitled to any relief from the Voya Defendants.

161. To the extent Paragraph 161 constitutes a conclusion of law, no response is required. To the extent a response is required, Voya Defendants deny the allegation. By way of further response, Voya Defendants deny that Plaintiffs suffered any legally cognizable damage or

loss caused by the Voya Defendants and further deny that Plaintiffs are entitled to any relief from the Voya Defendants.

**NINTH CAUSE OF ACTION**

**Civil Conspiracy/Concerted Action Liability**

162. Voya Defendants repeat and reallege their response to Paragraphs 1-161 above as if set forth at length herein.

163. Voya Defendants deny the allegation set forth in Paragraph 163 of the Complaint.

164. To the extent Paragraph 164 constitutes a conclusion of law, no response is required. To the extent a response is required, the allegation is denied.

165. To the extent Paragraph 165 constitutes a conclusion of law, no response is required. To the extent a response is required, the allegation is denied.

166. To the extent Paragraph 166 constitutes a conclusion of law, no response is required. To the extent a response is required, Voya Defendants deny the allegation. By way of further response, Voya Defendants deny that Plaintiffs suffered any legally cognizable damage or loss caused by the Voya Defendants and further deny that Plaintiffs are entitled to any relief from the Voya Defendants.

**TENTH CAUSE OF ACTION**

**Unjust Enrichment (New York Common Law)**

167. Voya Defendants repeat and reallege their response to Paragraphs 1-166 above as if set forth at length herein.

168. To the extent Paragraph 168 constitutes a conclusion of law, no response is required. To the extent a response is required, Voya Defendants deny the allegation. By way of further response, Voya Defendants deny that Plaintiffs suffered any legally cognizable damage or

loss caused by the Voya Defendants and further deny that Plaintiffs are entitled to any relief from the Voya Defendants.

169. To the extent Paragraph 169 constitutes a conclusion of law, no response is required. To the extent a response is required, Voya Defendants deny the allegation. By way of further response, Voya Defendants deny that Plaintiffs suffered any legally cognizable damage or loss caused by the Voya Defendants and further deny that Plaintiffs are entitled to any relief from the Voya Defendants.

170. Voya Defendants deny the allegation set forth in Paragraph 170 of the Complaint.

171. To the extent Paragraph 171 constitutes a conclusion of law, no response is required. To the extent a response is required, Voya Defendants deny the allegation. By way of further response, Voya Defendants deny that Plaintiffs suffered any legally cognizable damage or loss caused by the Voya Defendants and further deny that Plaintiffs are entitled to any relief from the Voya Defendants.

172. To the extent Paragraph 172 constitutes a conclusion of law, no response is required. To the extent a response is required, Voya Defendants deny the allegation. By way of further response, Voya Defendants deny that Plaintiffs suffered any legally cognizable damage or loss caused by the Voya Defendants and further deny that Plaintiffs are entitled to any relief from the Voya Defendants.

**ELEVENTH CAUSE OF ACTION**

**Aiding and Abetting Tortious Conduct (New York Common Law)**

173. Voya Defendants repeat and reallege their response to Paragraphs 1-172 above as if set forth at length herein.

174. To the extent Paragraph 174 constitutes a conclusion of law, no response is required. To the extent a response is required, Voya Defendants deny the allegation. By way of further response, Voya Defendants deny that Plaintiffs suffered any legally cognizable damage or loss caused by the Voya Defendants and further deny that Plaintiffs are entitled to any relief from the Voya Defendants.

175. To the extent Paragraph 175 constitutes a conclusion of law, no response is required. To the extent a response is required, Voya Defendants deny the allegation. By way of further response, Voya Defendants deny that Plaintiffs suffered any legally cognizable damage or loss caused by the Voya Defendants and further deny that Plaintiffs are entitled to any relief from the Voya Defendants.

176. To the extent Paragraph 176 constitutes a conclusion of law, no response is required. To the extent a response is required, Voya Defendants deny the allegation. By way of further response, Voya Defendants deny that Plaintiffs suffered any legally cognizable damage or loss caused by the Voya Defendants and further deny that Plaintiffs are entitled to any relief from the Voya Defendants.

177. To the extent Paragraph 177 constitutes a conclusion of law, no response is required. To the extent a response is required, Voya Defendants deny the allegation. By way of further response, Voya Defendants deny that Plaintiffs suffered any legally cognizable damage or loss caused by the Voya Defendants and further deny that Plaintiffs are entitled to any relief from the Voya Defendants.

178. To the extent Paragraph 178 constitutes a conclusion of law, no response is required. To the extent a response is required, Voya Defendants deny the allegation. By way of further response, Voya Defendants deny that Plaintiffs suffered any legally cognizable damage or

loss caused by the Voya Defendants and further deny that Plaintiffs are entitled to any relief from the Voya Defendants.

**PRAYER FOR RELIEF**

179. Voya Defendants deny that Plaintiffs are entitled to compensatory damages, or other damages or relief, from the Voya Defendants.

180. Voya Defendants deny that Plaintiffs are entitled to injunctive relief against Voya Defendants and deny that the Voya Defendants have engaged in any of the conduct identified in Paragraph 180 of the Complaint.

181. Voya Defendants deny that Plaintiffs are entitled to the relief requested in Paragraph 181. Voya Defendants further deny that they obtained or possess any of Plaintiffs' confidential information, trade secrets, proprietary materials, account data, repository data, or related materials through any of the unauthorized conduct alleged in the Complaint.

182. Voya Defendants deny that Plaintiffs are entitled to punitive or exemplary damages from the Voya Defendants and specifically deny that the Voya Defendants engaged in any willful, malicious, or other conduct that would support such an award.

183. Voya Defendants deny that Plaintiffs are entitled to an award of attorneys' fees or costs from Defendants.

184. Voya Defendants deny that Plaintiffs are entitled to pre-judgment or post-judgment interest from Defendants.

185. Voya Defendants deny that Plaintiffs are entitled to any relief against the Voya Defendants and respectfully request that the Complaint be dismissed in its entirety as against them, together with such other and further relief as the Court deems just and proper.

186. Voya Defendants admit that Plaintiffs have demanded a trial by jury on all issues so triable. Voya Defendants likewise demand a trial by jury on all issues so triable.

**AFFIRMATIVE DEFENSES**

1. The Complaint, in whole or in part, fails to state a claim upon which relief may be granted against the Voya Defendants.

2. The Complaint fails to state the existence of an actual, justiciable controversy with respect to the Voya Defendants which would be ripe for adjudication by the Court.

3. Plaintiffs' claims against the Voya Defendants fail because the Voya Defendants had no involvement whatsoever in the matters alleged in the Complaint. Voya Defendants did not issue, administer, evaluate, or decide Plaintiff Lafave's disability claim; did not communicate with Plaintiff Lafave concerning that claim; and did not receive any information or materials from Plaintiff Lafave in connection with that claim. Voya Defendants further did not access, obtain, possess, use, disclose, or misappropriate Plaintiffs' alleged confidential or proprietary information or trade secrets, access or interfere with Plaintiffs' computers, devices, networks, accounts, or repositories, surveil or monitor Plaintiff Lafave, or otherwise engage in any of the wrongful conduct alleged in the Complaint.

4. Plaintiffs' claims against Voya Defendants are barred, in whole of in part, because Plaintiffs sued entities that did not engage in the conduct upon which Plaintiffs' claims are based.

5. Plaintiffs improperly conflate separate and distinct corporate entities and attribute alleged conduct to Voya Defendants based upon corporate affiliation and/or the use of a tradename, to wit, "Voya" ,"Voya™" or "Voya Financial™". Voya Defendants are separate corporate entities and are not liable for the acts or omissions of separate affiliated entities, absent a legally sufficient basis for imposing such liability.

6. Each of Plaintiffs' claims must be established separately as to each Defendant. Plaintiffs may not impose liability upon VFI or VIMC based solely upon allegations directed collectively to "Voya Financial™," "Voya™" or "Voya," corporate affiliation, or alleged conduct of another person or entity.

7. To the extent Plaintiffs seek to hold Voya Defendants liable for the conduct of any other person or entity, the Voya Defendants did not authorize, direct, control, participate in, approve, or ratify the alleged conduct, and no person or entity alleged to have engaged in such conduct acted as the Voya Defendants' agent with respect thereto.

8. Plaintiffs' alleged injuries, losses, and damages were not caused, directly or proximately, by any act or omission of the Voya Defendants.

9. To the extent Plaintiffs sustained any injury or loss, which Voya Defendants deny, such injury or loss was caused by acts, omissions, events, circumstances, or third parties for which Voya Defendants are not responsible.

10. Plaintiffs' claims under the Computer Fraud and Abuse Act fail because Voya Defendants did not access or cause the unauthorized access to any protected computer, transmit or cause the transmission of any program, information, code, or command to Plaintiffs' computers or systems, or cause any legally cognizable damage or loss to Plaintiffs.

11. Plaintiffs' claims under the Computer Fraud and Abuse Act are barred or limited to the extent Plaintiffs have not sustained "damage" or "loss," as those terms are defined by the statute, caused by conduct attributable to the Voya Defendants.

12. Plaintiffs' claims under the Defend Trade Secrets Act fails because the Voya Defendants did not acquire, possess, use, disclose, or misappropriate any alleged trade secret belonging to Plaintiffs and did not acquire any such at all.

13. Plaintiffs' claims based upon alleged trade-secret misappropriation are barred, in whole or in part, to the extent the information at issue does not constitute a protectable trade secret under applicable law or Plaintiffs failed to take reasonable measures to maintain its secrecy.

14. Plaintiffs' claims based upon the alleged acquisition, possession, use, disclosure, or exploitation of their confidential, proprietary, or trade-secret information fail because the Voya Defendants did not acquire, possess, use, disclose, or exploit such information.

15. Plaintiffs' claims based upon aiding and abetting, conspiracy, concerted action, or other derivative theories of liability fail because the Voya Defendants did not participate in, have knowledge of, provide substantial assistance to, agree to, authorize, or direct any of the alleged wrongful conduct.

16. Plaintiffs' unjust enrichment claim fails because the Voya Defendants did not receive or retain any benefit at Plaintiffs' expense and there are no circumstances under which equity and good conscience require restitution by the Voya Defendants.

17. To the extent Plaintiffs assert claims based upon conversion or interference with property, such claims fail because the Voya Defendants did not possess, exercise dominion or control over, interfere with, or deprive Plaintiffs of possession or use of any property belonging to Plaintiffs.

18. To the extent any of Plaintiffs' cause of action require knowledge, intent, willfulness, malice, bad faith, or other culpable state of mind, Plaintiffs' claims fail because the Voya Defendants did not act with the requisite knowledge, intent, or state of mind.

19. Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs cannot establish a concrete and particularized injury that is fairly traceable to conduct of the particular Defendant against whom the claim is asserted.

20. Plaintiffs are not entitled to injunctive or equitable relief against the Voya Defendants because the Voya Defendants have not engaged in the conduct Plaintiffs seek to enjoin and do not possess or control Plaintiffs' alleged confidential information, trade secrets, proprietary materials, account data, repository data, or related materials.

21. Plaintiffs are not entitled to punitive or exemplary damages because the Voya Defendants did not engage in willful, malicious, wanton, reckless, or other conduct sufficient to support such an award.

22. Plaintiffs may not recover damages that are speculative, remote, duplicative, unsupported, or otherwise unavailable under applicable law.

23. To the extent Plaintiffs sustained any damages, which Voya Defendants deny, any recovery must be reduced to the extent Plaintiffs failed to take reasonable measures to mitigate such damages.

24. The damages claimed in Plaintiffs' Complaint are improper and deficient as a matter of law.

25. No alleged act or omission by the Voya Defendants caused any harm to Plaintiffs.

26. VoyaDefendants reserve the right to move to dismiss this action based on improper venue and/or lack of jurisdiction.

27. Plaintiffs' claims are barred, in whole or in part, to the extent any claim was commenced outside the applicable limitations period.

28. Plaintiffs' claims are barred, in whole or in part, to the extent applicable, by the doctrines of laches, waiver, and/or estoppel.

29. Plaintiffs' state law claims are barred or limited to the extent they are preempted, displaced, or otherwise foreclosed by applicable federal or state statutory law.

30. Plaintiffs are not entitled to multiple or duplicative recoveries for the same alleged injury under different statutory or common law theories.

31. Inasmuch as the Complaint does not describe the alleged claims at issue with sufficient particularity to enable the Voya Defendants to determine all of their legal, contractual, and equitable rights and defenses, Voya Defendants reserve the right to amend and/or supplement their answers and defenses to assert any and all other pertinent defenses.

**WHEREFORE**, Defendants Voya Financial, Inc., and Voya Investment Management Co. LLC demand judgment dismissing the Complaint with attorneys' fees, interest, cost of suit, and such other relief as the Court deems just and proper.

Date: September 2, 2026

Respectfully submitted,
s/Robert Pindulic

Robert T. Pindulic, Esq.
Mariam A. Hashmi, Esq.
White and Williams LLP
810 Seventh Avenue, Suite 500
New York, New York 10019
Phone: 212-244-9500
E-mail: pindulicr@whiteandwilliams.com
E-mail: hashmim@whiteandwilliams.com
*Attorneys for defendants Voya Financial, Inc., and Voya Investment Management Co. LLC*