**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL LAFAVE, and CETTE AI CORPORATION<br><br>Plaintiff,<br><br>-against-<br><br>VOYA FINANCIAL, INC., VOYA INVESTMENT MANAGEMENT CO. LLC, and DOES 1–12, inclusive,<br><br>Defendants. | **PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>Index No.: 26-cv-5375<br>Hon. Lewis J. Liman |

Plaintiffs Michael Lafave and Cette AI Corporation respectfully submit this Reply Memorandum in further support of their application for narrow interim relief.

## PRELIMINARY STATEMENT

Defendants dispute attribution, not the representative technical events reflected in Plaintiffs' submissions and contemporaneous records: two unapproved GitHub migrations, an Apple "unknown-item moving with you" alert, an unauthorized "SDNY" email search, and network-device and authentication anomalies.[1]

Defendants rely principally on the Peters declaration, which partly rests on unidentified consultations and makes material assertions concerning the insurer and administrator only upon information and belief.[2] The declaration does not resolve who received, held, accessed, shared,

[1] Pls.' Suppl. Aff. ¶¶ 6–34.
[2] Peters Decl. ¶¶ 1–4, 12, ECF No. 17.

or used Plaintiffs' information; who administered or investigated the claim; or what records bear on attribution. Those issues will be addressed in discovery under the Court's existing Case Management Plan.

The limited relief now sought preserves the evidentiary and confidentiality status quo while ordinary discovery proceeds: (1) preservation of specified documents and ESI within Defendants' possession, custody, or control; and (2) non-use and nondisclosure of Plaintiffs' confidential information and trade secrets. The request neither presupposes liability nor disregards corporate separateness. It is confined to the named Defendants and to materials within their possession, custody, or control, including material held by agents and vendors acting on their behalf.

## ARGUMENT

### 1. The State Court Order is Specific, Prohibitory, and Status-Quo Preserving.

A preliminary injunction requires irreparable harm, either likelihood of success or serious merits questions with the balance of hardships tipping decidedly for the movant, and consistency with the public interest.[3] The preliminary injunction order, granted by the state court before removal, identifies defined evidence categories, permits lawful business and benefit administration through ordinary written channels and counsel, and requires neither system access, forensic inspection, seizure, operational reconfiguration, nor collection from independent third parties. It therefore satisfies Rule 65's specificity requirement.[4]

---

[3] *See, e.g., Salinger v. Colting*, 607 F.3d 68, 79–80 (2d Cir. 2010).
[4] Fed. R. Civ. P. 65(a)(1), (d)(1).

Defendants' "mandatory" label overreads the request. Whether relief preserves or disturbs the status quo turns on its practical effect.[5] Preservation prevents the ordinary-course deletion, rotation, overwriting, alteration, or destruction of identified ESI. Non-use and nondisclosure restrain future use, dissemination, transfer, destruction, alteration, or overwriting of Plaintiffs' confidential information or trade secrets. Both preserve the evidentiary and confidentiality status quo; neither compels an undefined operational change.

Plaintiffs invoke the DTSA only for its authorization of injunctions preventing actual or threatened misappropriation and protective measures.[6] Plaintiffs seek neither the statute's extraordinary seizure remedy nor access to Defendants' systems or pre-discovery inspection.

**2. Defendants' Attribution Argument Confirms the Need to Preserve Relevant ESI While Ordinary Discovery Proceeds.**

Plaintiffs do not ask the Court to disregard corporate separateness. But separate incorporation does not resolve what information the named Defendants received, held, accessed, shared, or used; who administered or investigated the LTD claim; which agents or vendors were involved; or what responsive records exist.

The Peters declaration underscores those unresolved questions. Mr. Peters is the Chief Operating Officer of Voya Investment Management LLC ("VIM"), the direct parent of Defendant Voya Investment Management Co. LLC ("VIMC"), and relied on personal knowledge and unidentified consultations.[7] He states only upon information and belief that ReliaStar issued

---

[5] *N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc.*, 883 F.3d 32, 37–39 (2d Cir. 2018); *Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 34–35 (2d Cir. 1995).
[6] 18 U.S.C. § 1836(b)(3)(A).
[7] Peters Decl. ¶¶ 1–4, ECF No. 17.

the LTD policy and a third-party administrator administered the claim.[8] Defendant Voya Financial, Inc. indirectly owns ReliaStar Life Insurance Company through Voya Holdings Inc., which is wholly owned by Voya Financial and itself wholly owns ReliaStar.[9] Defendants supply no declaration from ReliaStar or the administrator and no claim-administration records showing what information was shared, accessible, retained, reviewed, or used. Mr. Peters's lack of awareness of a connecting record is not a complete accounting of available evidence.[10]

These gaps do not establish attribution; nor do they justify allowing potentially dispositive ESI to be lost. Plaintiffs will test Defendants' factual assertions through ordinary discovery under the Case Management Plan. In the meantime, the preservation directive reaches only nonprivileged documents and ESI within Defendants' possession, custody, or control, including material held by officers, employees, and agents, contractors, service providers, and vendors acting on Defendants' behalf.

The requested scope is tailored to the reported events. Plaintiffs seek no order directed to GitHub, Apple, email providers, hotels, or other independent nonparties. The GitHub migrations, Apple alert, email search, and network/authentication anomalies support preserving, if within Defendants' possession, custody, or control, related communications, instructions, access and audit records, data received, investigative or vendor materials, and retention information

[8] *Id.* ¶ 12.
[9] *See* ReliaStar Life Ins. Co., SEC Filing (2025) (identifying ReliaStar as a wholly owned subsidiary of Voya Holdings Inc. and Voya Holdings as a wholly owned subsidiary of Voya Financial, Inc.) (available at: https://www.sec.gov/Archives/edgar/data/942323/000162828026023851/nliobrliseparateacctn-2025.htm?utm_source=openai).
[10] *See* Peters Decl. ¶ 23, ECF No. 17.

concerning Plaintiffs' repositories, accounts, devices, location information, network activity, authentication, remote access, or monitoring.

### 3. Ordinary Claim Investigation Does Not Authorize Digital Access, and the Risk of Evidence Loss and Further Disclosure is Irreparable.

Plaintiffs do not seek to bar ordinary claim administration. Traditional disability claim investigation may include record review, medical examinations, and physical observation.[11] But this is not a disability case. This case is about access to protected computers, networks, email, cloud accounts, credentials, and private repositories. Plaintiffs' allege unknown network devices, anomalous remote-root activity, unauthorized GitHub events, a tracking alert, and an unexplained email search all related to the theft of Plaintiffs' intellectual property.[12] Authorization to collect or review claim information does not itself authorize access by unauthorized means to Plaintiffs' systems, nor does it authorize intellectual property theft.

Irreparable harm must be actual and imminent, not speculative.[13] The relevant network, authentication, account-access, repository, and audit records may be altered, overwritten, rotated, deleted, or lost in the ordinary course of business. The absence of a publicly identified Voya device or IP at this early stage reinforces the need to preserve potentially decisive records held by Defendants or vendors under their control.

The state-court TRO protects Plaintiffs' confidential information, proprietary materials, trade secrets, source code, technical architectures, research materials, patent-related materials,

---

[11] *See Wurm v. Commercial Ins. Co. of Newark, N.J.*, 308 A.D.2d 324, 326 (1st Dep't 2003) (describing physical surveillance and inquiries concerning a disability claimant's condition as accepted investigative measures).
[12] Pls.' Mem. at 3–4, NYSCEF No. 13.
[13] *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118–19 (2d Cir. 2009).

commercialization plans, account data, credentials, repository data, communications, and related ESI obtained through unauthorized access or related activity. Plaintiffs' supporting materials further explain that this information included nonpublic technical and business material, including AI- and quantum-computing-related work, maintained on protected devices, private repositories, cloud-connected accounts, and related systems.[14] Further use or disclosure could impair secrecy and value beyond monetary repair. *Faiveley* permits narrowly drawn restraint on further use or disclosure where evidence shows a danger of dissemination or another irreparable impairment, provided the relief avoids unnecessary burdens on lawful activity.[15] The proposed non-use provision is so confined: it reaches only Plaintiffs' information within Defendants' possession, custody, or control; permits conduct required by law, ordinary preservation, Plaintiffs' consent, or further Court order; and does not restrain lawful operations or claim administration.

The equities and public interest favor these limited safeguards. Plaintiffs face loss of potentially dispositive ESI, compromise of confidential information, and irreparable harm through the unauthorized dissemination of their intellectual property. Defendants face only the familiar obligation to preserve defined material and refrain from unauthorized use or disclosure. Defendants acknowledge preservation duties.[16] The public interest favors preservation of ESI, protection of confidential information, and a merits determination on a reliable record. The order preserves the status quo; it does not assume liability.

[14] *See* Pls.' Mem. at 3–4, NYSCEF No. 13; Defs.' Mem. at 2–4.
[15] *Faiveley*, 559 F.3d at 118–19.
[16] *See* Defs' Mem. at 19–20.

## REQUESTED RELIEF

Plaintiffs respectfully request an order that contains:

**Preservation.** Defendants Voya Financial, Inc. and Voya Investment Management Co. LLC shall preserve, and shall cause their officers, employees, agents, contractors, service providers, and vendors acting on their behalf to preserve, all nonprivileged documents and ESI within Defendants' possession, custody, or control concerning: (a) Mr. Lafave's LTD claim; (b) information supplied by or concerning Plaintiffs; (c) any investigation, surveillance, tracking, monitoring, or collection concerning Plaintiffs; and (d) any access to, use of, disclosure of, or communications concerning Plaintiffs' confidential information, trade secrets, devices, accounts, repositories, or data.

**Non-use and nondisclosure.** Defendants shall not use, disclose, transfer, destroy, alter, or overwrite Plaintiffs' confidential information or trade secrets within Defendants' possession, custody, or control, except as required by law, for ordinary preservation of evidence, with Plaintiffs' written consent, or by further Court order. Nothing in this provision restricts lawful operations or benefits administration through written channels and counsel.

**Nominal Security.** To the extent the Court requires security under Federal Rule of Civil Procedure 65(c), Plaintiffs respectfully request that it be set at a nominal amount or waived. The narrowly tailored relief sought requires only preservation of potentially relevant material and refraining from unauthorized use or disclosure of Plaintiffs' confidential information and trade secrets; it does not require seizure, inspection, system access, operational reconfiguration, or

interference with lawful claim administration. Defendants therefore face no likely compensable injury from the requested interim restraints.[17]

A proposed order is attached.

## CONCLUSION

For these reasons, Plaintiffs respectfully request the foregoing limited preservation and non-use relief, together with such other relief as the Court deems just and proper.

Dated: New York, New York
September 9, 2026

/s/ Michael Hassard
Michael Hassard(NYS Bar No. 5824768)
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t (718) 737 – 7264
michael@torekeland.com

/s/ Tor Ekeland
Tor Ekeland (NYS Bar No. 4493631)
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t (718) 737 – 7264
tor@torekeland.com

*Counsel for Plaintiff Michael Lafave*

[17] *See Doctor's Assocs., Inc. v. Distajo*, 107 F.3d 126, 136 (2d Cir. 1997) (recognizing district court's discretion to dispense with security where there is no proof of likely harm).

**CERTIFICATE OF COMPLIANCE WITH LOCAL CIVIL RULE 7.1**

I hereby certify that the foregoing Reply Memorandum of Law complies with the type-volume limitation of Local Civil Rule 7.1(c). The memorandum contains 1632 words, excluding the parts of the memorandum exempted by Local Civil Rule 7.1(c), as calculated by the word-processing program used to prepare it.

Dated: September 9, 2026
New York, New York

Respectfully Submitted,

/s/ Michael Hassard
Michael Hassard(NYS Bar No. 5824768)
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t (718) 737 – 7264
michael@torekeland.com

/s/ Tor Ekeland
Tor Ekeland (NYS Bar No. 4493631)
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t (718) 737 – 7264
tor@torekeland.com

*Counsel for Plaintiff Michael Lafave*