UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL LAFAVE, and CETTE AI CORPORATION<br><br>Plaintiff,<br><br>-against-<br><br>VOYA FINANCIAL, INC., VOYA INVESTMENT MANAGEMENT CO. LLC, and DOES 1–12, inclusive,<br><br>Defendants. | **[PROPOSED] ORDER GRANTING LIMITED PRESERVATION AND NON-USE RELIEF**<br><br>Index No.: 26-cv-5375<br>Hon. Lewis J. Liman |

Upon Plaintiffs' application for a temporary restraining order and preliminary injunction, Plaintiffs' memorandum of law and supporting declarations and exhibits, Defendants' opposition, Plaintiffs' reply, and the record in this action, and after due deliberation, it is hereby:

**ORDERED**

1. **Preservation of potentially relevant information.** Defendants Voya Financial, Inc. and Voya Investment Management Co. LLC shall preserve, and shall cause their officers, employees, agents, contractors, service providers, and vendors acting on their behalf to preserve, all nonprivileged documents and electronically stored information within Defendants' possession, custody, or control concerning:

(a) information supplied by or concerning Plaintiffs;

(b) any investigation, surveillance, tracking, monitoring, or collection of information concerning Plaintiffs; and

(c) any access to, use of, disclosure of, or communications concerning Plaintiffs' confidential information, trade secrets, devices, accounts, repositories, or data.

2.- **Non-use and nondisclosure.** Defendants, and persons acting in active concert or participation with them who receive actual notice of this Order, shall not use, disclose, transfer, destroy, alter, or overwrite Plaintiffs' confidential information or trade secrets within Defendants' possession, custody, or control, except:

(a) as required by law;

(b) as necessary to preserve evidence in compliance with this Order;

(c) with Plaintiffs' written consent; or

(d) by further order of this Court.

3.- **Lawful operations.** Nothing in this Order restricts Defendants from conducting lawful business operations, provided that such conduct does not involve unauthorized access to, use of, disclosure of, destruction of, alteration of, or overwriting of Plaintiffs' confidential information, trade secrets, devices, accounts, repositories, or data.

4.- **No access, seizure, or nonparty collection.** This Order does not authorize Plaintiffs to access or inspect Defendants' systems, compel forensic imaging, seize property, or require Defendants to obtain documents or electronically stored information from independent third parties outside Defendants' possession, custody, or control. Nothing in this Order requires the disclosure of privileged communications or attorney work product.

5.- **Scope and persons bound.** This Order binds only Defendants; Defendants' officers, agents, servants, employees, and attorneys; and other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise.

6.- **Duration and modification.** This Order shall remain in effect pending further order of this Court. Any party may move to modify or dissolve this Order on notice to the other parties.

7.- **Security.** Pursuant to Federal Rule of Civil Procedure 65(c), Plaintiffs shall post security in the amount of $[____] [or: No security is required], subject to further order of the Court.

**SO ORDERED.**

Dated: New York, New York
_______________, 2026

_________________________
Hon. Lewis J. Liman
United States District Judge