UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL LAFAVE and CETTE AI CORPORATION,<br><br>Plaintiffs,<br><br>-v-<br><br>VOYA FINANCIAL, INC., VOYA INVESTMENT MANAGEMENT CO. LLC, RELIASTAR LIFE INSURANCE COMPANY, DOE THIRD-PARTY ADMINISTRATOR, and DOES 1–12, inclusive,<br><br>Defendants. | 26-cv-5375 (LJL)<br><br>**[PROPOSED] AMENDED CASE MANAGEMENT PLAN AND SCHEDULING ORDER** |

LEWIS J. LIMAN, United States District Judge:

This Civil Case Management Plan and Scheduling Order is submitted by the parties in accordance with Federal Rule of Civil Procedure 26(f)(3):

1. All parties [consent _____ / do not consent __X__] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2. The parties [have __X__ / have not _____] conferred pursuant to Federal Rule of Civil Procedure 26(f).

3. The parties [have __X__ / have not _____] engaged in settlement discussions.

4. Any motion to amend or to join additional parties shall be filed no later than September 11, 2026. Note: Pursuant to Paragraph 3(C) of the Court's Individual Practices in Civil Cases, the Court will deny a motion to dismiss as moot, without prior notice to the parties, if a plaintiff amends its pleading without objection from the defendant. The moving party may then (a) file an answer or (b) file a new motion to dismiss. In the event the moving party wishes to rely on its initially filed memorandum of law, the party may so indicate in its motion to dismiss the amended pleading and need not file the memorandum of law again.

   Pursuant to Paragraph 2(K) of the Court's Individual Practices in Civil Cases, parties may extend the deadlines set forth in Local Civil Rule 6.1 by an agreed-upon schedule, which shall govern as long as it is disclosed to the Court in a letter accompanying the initial motion.

5. Initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure shall be completed no later than August 26, 2026.

6. All fact discovery is to be completed no later than March 23, 2027.

7. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in Paragraph 6 above.

   a. Initial requests for production of documents shall be served by September 11, 2026.

   b. Interrogatories pursuant to Rule 33.3(a) of the Local Rules of the Southern District of New York shall be served by September 10, 2026. No Rule 33.3(a) interrogatories need to be served with respect to disclosures automatically required by Federal Rule of Civil Procedure 26(a).

   c. Unless otherwise ordered by the Court, contention interrogatories should be served consistent with Rule 33.3(c) of the Local Rules of the Southern District of New York.

   d. Depositions shall be completed by March 23, 2027.

   e. Requests to Admit shall be served no later than January 22, 2027.

8. All expert discovery, including disclosures, reports, rebuttal reports, production of underlying documents, and depositions shall be completed by May 7, 2027.

9. All discovery shall be completed no later than May 7, 2027.

10. The proposed joint pretrial order shall be submitted on ECF in accordance with the Court's Individual Practices in Civil Cases and Federal Rule of Civil Procedure 26(a)(3) no later than Thirty (30) days after disposition of any dispositive motions; if no dispositive motion is filed, thirty (30) days after the deadline for filing summary-judgment motions.

11. [*To be filled in by the Court*] A post-discovery status conference shall be held on: ________________ at ________. By default, this conference is conducted in-person in Courtroom 15C, 500 Pearl Street. A joint letter updating the Court on the status of the case shall be filed on ECF by one week prior to the status conference. The letter must be no more than three (3) single spaced pages and should include the following information in separate paragraphs: (1) all existing deadlines, due dates, and/or cut-off dates; (2) a brief description of any outstanding motions; (3) a brief description of the status of discovery and of any additional discovery that remains to be completed; (4) the status of settlement discussions; (5) the anticipated length of trial and whether the case is to be tried to a jury; (6) whether the parties anticipate filing motions for summary judgment; and any other issue that the parties would like to address at the pretrial conference or any other information that the parties believe may assist the Court.

12. Any motion for summary judgment must be filed no later than May 21, 2027.

13. Privileged Materials and Trial Preparation Materials

 a. [*If and as applicable*] The parties shall meet and confer with respect to Fed. R. Civ. P. 26(b)(5)(A) and Local Civil Rule 26.2 no later than _______________.

14. This case [is _X_ / is not _____] to be tried to a jury.

15. The parties have conferred and their present best estimate of the length of trial is two weeks.

16. [*To be completed by the Court*] The trial date is _______________ at _______. The deadlines for trial motions are as follows: (a) Motions in Limine _______________; (b) Proposed Voir Dire _______________; (c) Proposed Jury Instructions _______________. Absent adjustment, responses are due one week after the motion is filed.

17. Counsel for the parties propose the following alternative dispute resolution mechanism for this case: None of the identified ADR options is appropriate at this time. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

18. Other issues:

 a. The parties shall serve responses and objections to the interrogatories and document requests served to date by January 5, 2027.

 b. The parties shall substantially complete production of core documents and electronically stored information necessary for fact depositions by February 5, 2027. Fact depositions shall be completed by March 23, 2027.

 c. Defendant ReliaStar Life Insurance Company shall answer or otherwise respond to the First Amended Complaint by December 1, 2026.

Counsel for the Parties:

**TOR EKELAND LAW PLLC**
Tor Ekeland
Michael Hassard
tor@torekeland.com
michael@torekeland.com
*Counsel for Plaintiffs*

**WHITE AND WILLIAMS LLP**
Mariam A. Hashmi
Robert T. Pindulic
hashmim@whiteandwilliams.com
pindulicr@whiteandwilliams.com
*Counsel for Defendants*

SO ORDERED.

Dated: November 2, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge