TOR EKELAND LAW PLLC

Tor Ekeland
Managing Attorney
(718) 737-7264
tor@torekeland.com

**November 2, 2026**

REQUEST GRANTED.
The Court approves the extension to deadlines as proposed and will enter the amended case management plan. The hearing on the motion to withdraw scheduled for November 19, 2026 at 11:00AM is canceled. The Post-Discovery Status Conference is rescheduled to May 11, 2027 at 12:00PM in Courtroom 15C at the 500 Pearl Street Courthouse.

11/4/2027

SO ORDERED.

LEWIS J. LIMAN
United States District Judge

**Via ECF**

Hon. Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:** ***Lafave and Cette AI Corporation v. Voya Financial, Inc. et al.***
**Case No. 1:26-cv-05375 (LJL)**
**Plaintiffs' Second Letter-Motion to Amend Discovery Schedule on Consent and Withdraw Motion to Withdraw**

Dear Judge Liman,

We represent Plaintiffs Michael Lafave and Cette AI Corporation. Under Fed. R. Civ. P. 16(b)(4) and the Court's Individual Practices ¶¶ 1(C)–(D), 3(A), Plaintiffs request a 60-day extension of the outstanding discovery deadlines and corresponding case-management adjustments in the October 2, 2026 Amended Case Management Plan and Scheduling Order (ECF No. 25). The purpose is to afford Plaintiffs a reasonable opportunity to retain successor litigation counsel and complete an orderly transition. Defendants consent to the scheduling relief. Counsel also request leave to withdraw their pending motion for leave to withdraw as counsel (ECF No. 29) in its entirety, including the charging-lien request, and request cancellation of the related hearing and termination of the related briefing obligations, as explained below. At Defendant ReliaStar's request, and with Plaintiffs' consent, the parties also request that its November 9, 2026 deadline to answer or otherwise respond be extended to December 1, 2026 under Rule 6(b)(1)(A). A proposed Second Amended Case Management Plan and Scheduling Order is attached.

The requested changes are:

| Event | Current date | Proposed date |
|---|---|---|
| Responses/Objections to September 11 Requests for Production and First Set of Interrogatories | Nov. 6, 2026 | Jan. 5, 2027 |
| Service of Requests for Admission | Nov. 23, 2026 | Jan. 22, 2027 |
| Substantial Core-Document/ESI production | Dec. 7, 2026 | Feb. 5, 2027 |
| Fact Discovery and Fact Depositions | Jan. 22, 2027 | Mar. 23, 2027 |
| Expert Discovery and all Discovery | Mar. 8, 2027 | May 7, 2027 |
| Summary-Judgment Motions | Mar. 22, 2027 | May 21, 2027 |
| Post-Discovery Status Conference | Mar. 16, 2027, noon | Court-selected date after May 7 |
| ReliaStar Answer/Response | Nov. 9, 2026 | Dec. 1, 2026 |

The Amended Case Management Plan (ECF No. 25) set October 26 as the deadline for service of requests for admission; Defendants agreed on October 22 to extend the parties' service deadline to November 23. The proposed order sets January 22 for all parties. The completed initial-disclosure, initial-request, and pleading-amendment deadlines are not reopened. The joint-pretrial-order deadline remains governed by ECF No. 25 ¶ 10.

On October 26, 2026, Plaintiffs' counsel filed a motion for leave to withdraw (ECF No. 29). On November 2, 2026, Plaintiffs and the Firm reached an agreement resolving the issues underlying that motion and providing for an orderly transition to successor counsel. Consistent with that agreement and with Plaintiffs' consent, Tor Ekeland and Michael Hassard respectfully request leave to withdraw ECF No. 29 in its entirety, including the request to recognize and preserve charging liens. Counsel also request cancellation of the November 19, 2026 telephone hearing and termination of all related briefing obligations, including the November 13, 2026 response deadline.

The discovery already undertaken includes the parties' September 11 interrogatories and document requests. The present scheduling request addresses the planned transition to successor litigation counsel rather than reopening completed discovery or expanding its scope. Plaintiffs consent to the Firm's withdrawal as counsel

and have agreed to promptly retain successor counsel and cooperate in an orderly substitution. Withdrawal of ECF No. 29 does not itself terminate the Firm's representation. Current counsel will remain responsible for Plaintiffs' representation and compliance with operative orders and deadlines until an effective substitution or court-authorized withdrawal. The requested extension will provide time for Plaintiffs to retain successor counsel and for that counsel to complete the necessary file review and discovery work.

The remaining work includes outstanding written responses and responsive production; collection, review, and substantial production of core documents and ESI; review of those materials to identify knowledgeable witnesses; fact depositions; and expert disclosures, reports, rebuttal materials, and depositions. The records concerning the alleged access to Plaintiffs' computer systems and taking of proprietary information bear directly on whether the alleged activity occurred, who was responsible, and the nature and extent of any resulting harm. Reviewing those records before depositions will permit focused examinations, and developing the fact record before expert discovery will permit experts to address the evidence rather than an incomplete record.

Outstanding production must be completed and evaluated before the parties can identify and examine the appropriate witnesses; expert work must then address the developed factual record. The remaining production, depositions, and expert work should not be compressed to absorb that additional transition work. The concrete diligence and timing facts identified above explain why that work could not reasonably have been completed earlier.

Sixty days, rather than thirty or another shorter period, is requested because the transition requires successive tasks: prospective counsel must evaluate the matter, clear conflicts, and agree to represent Plaintiffs; the file and outstanding discovery must then be transferred; and new counsel must review the pleadings, existing discovery, technical materials, and outstanding obligations before completing production and preparing depositions. A shorter extension risks allowing time to retain counsel but insufficient time for meaningful onboarding before substantive deadlines resume. The proposal adds a defined period without an indefinite stay and preserves the existing 45-day interval between fact and expert discovery and 14-day interval before summary-judgment motions.

These considerations address the discovery, diligence, necessity, efficiency, and prejudice factors identified in *Furry Puppet Studio Inc. v. Fall Out Boy*, 2020 WL 4978080, at *1 (S.D.N.Y. Feb. 24, 2020). The extension will reduce duplicative review, rushed or repeated depositions, and serial scheduling applications, while maintaining fixed completion dates. Denial would force Plaintiffs to conduct material discovery during a counsel transition, risking incomplete production and inadequately prepared examinations. The request protects both Plaintiffs' opportunity to proceed through successor counsel. Defendants consent to the scheduling relief.

On November 2, 2026, counsel conferred by email in good faith. Defendants consented to the discovery extension and requested an extension of their own to December 1 for ReliaStar's responsive pleading. Plaintiffs consented to that request. It permits Defendant ReliaStar to respond while the transition proceeds, before the revised production and deposition cutoffs. This is Plaintiffs' second request for a court-ordered extension of the discovery schedule; the prior request was granted by ECF No. 25.

The next scheduled appearance is the November 19, 2026 telephone hearing on counsel's withdrawal motion. Counsel respectfully request that the Court cancel that hearing and terminate the related briefing obligations upon permitting withdrawal of ECF No. 29. Plaintiffs also request that the March 16, 2027 noon post-discovery conference instead be set for a date after May 7, 2027 convenient to the Court, with the joint status letter due one week beforehand. Plaintiffs respectfully request entry of the attached Proposed Amended Case Management Order.

For these reasons, Plaintiffs respectfully request the scheduling relief stated above, and counsel respectfully request leave to withdraw ECF No. 29 in its entirety, cancellation of the November 19, 2026 hearing, and termination of the related briefing obligations.

Sincerely,

Tor Ekeland
tor@torekeland.com

Michael Hassard
michael@torekeland.com

*Counsel for Plaintiffs Michael Lafave and Cette AI Corporation*

cc: Mariam Hashmi
Hashmim@whiteandwilliams.com

Robert Pindulic
Pindulicr@whiteandwilliams.com

*Counsel for Defendants Voya Financial Inc., Voya Investment Management Co. LLC, and ReliaStar Life Insurance Company*